# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **E.S., W.S.-1, A.S.-1, A.S.-2, and A.S.-3**

**No. 17-1130** (Wood County 16-JA-199, 200, 201, 202, and 203)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father W.S.-2, by counsel Jeffrey O. Dye, II, appeals the Circuit Court of Wood County's November 21, 2017, order terminating his parental rights to E.S., W.S.-1, A.S.-1, A.S.-2, and A.S.-3.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ernest M. Douglass, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in (1) terminating his parental rights to all of the children, (2) finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future, (3) denying him a less-restrictive dispositional alternative to termination of his parental rights, and (4) failing to consider the oldest child's wishes in regard to termination of his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 2, 2016, the DHHR filed a petition alleging that petitioner abused and neglected his five children. The petition specifically alleged that petitioner allowed J.S., the mother of E.S. and W.S.-1, to live with him and the children, despite termination of her parental rights to them based upon abandonment, emotional and psychological abuse, and domestic violence. Additionally, the petition alleged a recent domestic violence incident between petitioner and J.S. in the presence of their children. At the time the petition was filed, E.S. and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner have the same initials, they will be referred to as W.S.-1 and W.S.-2, respectively, and because three of the children have the same initials, they will be referred to as A.S.-1, A.S.-2, and A.S.-3, respectively, throughout this memorandum decision.

1

W.S.-1 lived with petitioner and his three oldest children, A.S.-1, A.S.-2, and A.S.-3, were primarily in the care of their mother, but had regular visitation with petitioner in his home.

On December 12, 2016, the circuit court held a preliminary hearing wherein J.S. testified that petitioner allowed her regular unsupervised contact with all five of his children after her parental rights were terminated. She testified that A.S.-1, A.S.-2, and A.S.-3 lived in petitioner's home every Thursday through Sunday. She further admitted that A.S.-2 was present during an incident of domestic violence between her and petitioner.

On February 3, 2017, the circuit court held an adjudicatory hearing at which it took judicial notice of the testimony presented at the preliminary hearing. At the hearing's close, the circuit court found clear and convincing evidence that petitioner allowed the mother of E.S. and W.S.-1 to live in his home with him and the children for the past two to three years, despite her prior termination of parental rights. The circuit court further found that there were credibility issues regarding petitioner due to his admission on the stand that he lied to a Child Protective Services worker regarding how often J.S. was staying with him. The circuit court found clear and convincing evidence that the children were abused and neglected and adjudicated petitioner as an abusing parent.

On March 17, 2017, the circuit court granted petitioner's motion for a post-adjudicatory improvement period and a case plan was developed. The circuit court held review hearings on May 17, 2017, and July 17, 2017, and it was reported that petitioner was compliant with the terms and conditions of his improvement period. However, on July 24, 2017, petitioner was charged criminally in relation to the death of his girlfriend's infant child. Petitioner remained incarcerated during the remainder of the proceedings. On September 15, 2017, the DHHR moved the circuit court to terminate petitioner's post-adjudicatory improvement period and schedule the case for a dispositional hearing. The circuit court granted the DHHR's motion without making specific findings as to termination of petitioner's improvement period, although the improvement period naturally expired on September 17, 2017.

On October 30, 2017, the circuit court held a dispositional hearing at which the DHHR and the guardian recommended that petitioner's parental rights be terminated based upon his failure to successfully complete the terms of his improvement period, his incarceration related to the death of an infant in his care, and his lack of honesty during his improvement period. According to the guardian, petitioner informed the DHHR that he had a new girlfriend, but failed to indicate that she and her infant child were living with him four to five nights a week. The circuit court found that petitioner's deception regarding his new girlfriend was similar to that of not informing the DHHR that J.S. was living with him and having unsupervised access to all of the children. According to the DHHR, petitioner failed to successfully complete his improvement period and the circuit court specifically found that petitioner failed to complete services and had no suitable home in which the children could live or visit due to damage caused by pigeons, rats, and mice. The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the children's best interests. The circuit court ultimately terminated petitioner's

2

parental rights in its November 21, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in terminating his parental rights to A.S.-1, A.S.-2, and A.S.-3 when the circuit court only adjudicated E.S. and W.S.-1 as abused children. Petitioner also argues that the petition failed to sufficiently allege the abuse of A.S.-1, A.S.-2, and A.S.-3. We find no merit to these arguments. We have held that

[West Virginia Code § 49-4-601(i)] requires the [DHHR], in a child abuse or neglect case, to prove "conditions existing at the time of the filing of the petition . . . by clear and convincing proof." The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden.

Syl. Pt. 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

While petitioner argues that A.S.-1, A.S.-2, and A.S.-3 lived with their non-abusing mother at the time the petition was filed, evidence was presented that he shared custody of the three children with their mother and that the children resided with him weekly from Thursday through Sunday. Further, the record indicates that petitioner allowed J.S., whose parental rights had been previously terminated, to be unsupervised with all five of the children on a regular basis for two to three years. Additionally, A.S.-2 witnessed an incident of domestic violence between petitioner and J.S. West Virginia Code § 49-1-201 provides that an abused child is "[a]

---

[2]The mother of A.S.-1, A.S.-2, and A.S.-3 is a non-abusing parent and has full custody of her three children. The parental rights of J.S., the mother of E.S. and W.S.-1, were terminated in 2012 and, according to the DHHR and the guardian, E.S. and W.S.-1 are in a foster home and the permanency plan is adoption therein.

child whose health or welfare is being harmed or threatened by: (A) [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child *or another child in the home*[.]" (emphasis added). The circuit court found that the allegations of the abuse to all five children as set forth in the petition were proven by clear and convincing evidence and we agree. Based on this evidence, we find that the petition sufficiently alleged that A.S.-1, A.S.-2, and A.S.-3 were abused children and that the adjudication as to those same children was proper.

Next, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future. We disagree. West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, the record shows that petitioner failed to comply with the terms and conditions of his improvement period because he failed to comply with services, could not provide a suitable home for the children, and was incarcerated. Further, evidence was presented to show that petitioner was dishonest with the DHHR regarding E.S. and W.S.-1's mother living with him and the children. He was also dishonest about his new girlfriend and her infant child living with him during the instant proceedings. Petitioner's incarceration for that infant's death further prohibited him from complying with the terms and conditions of his improvement period. Based on this evidence, the circuit court did not err in finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future.

Next, petitioner argues that the circuit court erred in terminating his parental rights instead of employing a less-restrictive disposition. We disagree and have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). As discussed above, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. The circuit court also found that termination of petitioner's parental rights was in the children's best interests. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are to terminate parental rights upon these findings. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

Lastly, petitioner argues that the circuit court erred in terminating his parental rights to his oldest child because the child was fourteen years old and West Virginia Code § 49-4-604(b)(6)(C) requires circuit courts to "give consideration to the wishes of a child fourteen years

4

of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." While petitioner is correct that this statute required consideration of the wishes of the oldest child herein, we do not agree that the failure to consider the same constitutes reversible error under the limited circumstances of this case.

We have previously held that

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Although it is apparent from the record that the circuit court neglected to consider A.S.-1's wishes, ample evidence was provided to support the circuit court's finding that termination of petitioner's parental rights was in the best interests of all of the children, including A.S.-1. Petitioner was incarcerated following charges related to the death of an infant, failed to complete the terms and conditions of his improvement period, and was unable to provide a suitable home for the children. We have often held that "'[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided.' Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948)." Syl. Pt. 3, *In re S.W.*, 233 W.Va. 91, 755 S.E.2d 8 (2014). Because termination was in A.S.-1's best interests, we find no error in the termination of petitioner's parental rights to this child.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 21, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker